UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

ALEXANDRIA OLSEN, as Parent
and Natural Guardian of N.O.,
A.O., and A.C.O.,

    Plaintiff,

v.                                Case No.:   2:25-cv-72-SPC-NPM

GEORGE KING,

    Defendant.
_____/

## OPINION AND ORDER

Before the Court is Defendant George King's Amended Notice of Removal (Doc. 13). For the below reasons, the Court remands.

Defendant invoked diversity jurisdiction to remove this action. Because the complaint seeks only the state-court jurisdictional amount, Defendant was tasked with proving by a preponderance of the evidence that the amount in controversy exceeds $75,000. *See* 28 U.S.C. § 1446(c)(2)(B). For this reason, Defendant relied on Plaintiff's presuit settlement demand in his notice of removal. Because presuit settlement demands are often insufficient to establish the amount in controversy, however, the Court ordered Defendant to show cause why this action should not be remanded. (Doc. 11). In response,

Defendant amended his notice of removal but still relies on the settlement demand. (Doc. 13).

Defendant's amended notice of removal does not establish this Court's jurisdiction. As the Court already flagged, "[t]ypically, presuit demand letters alone are not enough to establish amount in controversy." *Gagnon v. Petsmart, Inc.*, No. 220CV676FTM38MRM, 2020 WL 13356800, at *1 (M.D. Fla. Sept. 2, 2020). Afterall, "settlement offers (particularly presuit) reflect a fair amount of puffing and posturing." *Id.* This one is no different.

Plaintiff brought this action on behalf of her three minor children after a drunk driver crashed into one of the children's bedrooms. (*See generally* Doc. 3). The demand letter details the alleged physical injuries to one of the children and the alleged psychological trauma to all of them. (Doc. 13-2). It provides that incurred medical bills total only $10,039.70. (*Id.* at 9). Next, the letter projects future medical treatment and pain and suffering. (*Id.* at 9–13). It also threatens punitive damages. (*Id.* at 17). Finally, it demands $2,000,000—the combined policy limits of Defendant's insurance policies. (*Id.* at 18).

Defendant has provided no evidence of damages north of the roughly $10,000 that were actually incurred. The letter does nothing to bridge the gap between those documented damages and the $2,000,000 demand. It only speculates and projects. The difference between these figures is simply

puffery. The remainder of that demand provides no supporting documentation to prove by a preponderance of the evidence that the amount in controversy exceeds $75,000. With no other evidence of the amount in controversy, Defendant has not met its burden of proof. The Court must remand. *See, e.g.*, *Guerrero v. Sisco*, No. 2:23-CV-1201-SPC-KCD, 2024 WL 493464, at *1 (M.D. Fla. Jan. 8, 2024) (remanding when the amount in controversy was based only on a demand letter detailing $40,000 in medical bills and speculation about future medical procedures and costs).

Accordingly, it is now **ORDERED:**

1. This action is **REMANDED** to the Twentieth Judicial Circuit, in and for Lee County, Florida.

2. The Clerk is **DIRECTED** to transmit a certified copy of this Order to the Clerk of the Twentieth Judicial Circuit, in and for Lee County, Florida.

3. The Clerk is further **DIRECTED** to deny any pending motions as moot, terminate any deadline, and close the case.

**DONE** and **ORDERED** in Fort Myers, Florida on February 13, 2025.

SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

Copies: All Parties of Record